UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROOT, INC.**<br>80 E Rich St., Suite 500<br>Columbus, OH 43215,<br><br>**CARET HOLDINGS, INC.**<br>80 E Rich St., Suite 500<br>Columbus, OH 43215,<br><br>**ROOT INSURANCE AGENCY, LLC**<br>80 E Rich St., Suite 500<br>Columbus, OH 43215,<br><br>       *Plaintiffs*,<br><br>    v.<br><br>**WILLIAM CAMPBELL,**<br>1250 Wynn Rd.<br>Pasadena, CA 91107-1547,<br><br>**QUANTASY & ASSOCIATES, LLC,**<br>312 South Alameda St.<br>Suite 102A<br>Los Angeles, CA 90013,<br><br>**QUANTASY, LLC,**<br>312 South Alameda St.<br>Suite 102A<br>Los Angeles, CA 90013,<br><br>       *Defendants*. | Case No. _____<br><br>Judge _____<br><br>**Jury Demand Endorsed Hereon**<br><br>**Related Case: 2:23-CV-00512-SDM-EPD** |

**COMPLAINT FOR DAMAGES**

Plaintiffs, Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC (collectively, "Root" or "Plaintiffs"), by and through their undersigned counsel, and for their Complaint against

Defendants William Campbell, Quantasy & Associates, LLC, and Quantasy, LLC (collectively, "Quantasy"), aver and allege as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between Root and Quantasy.

2. Venue in this Court is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and, pursuant to the Confidential Settlement Agreement and Mutual Release (the "Settlement Agreement") executed by the parties, Root and Quantasy agreed upon this Court being the proper venue to bring any action in connection with the Settlement Agreement.

3. This Court has personal jurisdiction over Quantasy because Quantasy consented to this Court's continuing jurisdiction for the purposes of enforcing the Settlement Agreement.

## PARTIES

4. Plaintiff Root, Inc. is an insurance holding company incorporated under the laws of Delaware with a principal place of business in Columbus, Ohio.

5. Plaintiff Caret Holdings, Inc. is a wholly owned subsidiary of Root, Inc., and is incorporated under the laws of Delaware with its principal place of business in Columbus, Ohio.

6. Plaintiff Root Insurance Agency, LLC is an Ohio limited liability company with its principal place of business in Columbus, Ohio. Caret Holdings is the sole member of Root Insurance Agency, LLC. Root Insurance Agency, LLC is therefore a resident of Delaware and Ohio.

7. Defendant William Campbell is an individual who resides in California and is a citizen of California.

8. Defendant Quantasy & Associates, LLC is a limited liability company formed under the laws of Delaware with its principal place of business in California. Upon information and belief, William Campbell is the sole member and CEO of Quantasy & Associates, LLC. Quantasy & Associates, LLC is therefore a resident of California.

9. Defendant Quantasy, LLC is a suspended limited liability company formed under the laws of California with its principal place of business in California. Upon information and belief, William Campbell is the sole member of Quantasy, LLC. Quantasy, LLC is therefore a resident of California.

**FACTS**

10. On February 2, 2023, Root filed a complaint, as amended, against Quantasy and other defendants in the Southern District of Ohio, Case No. 2:23-cv-00512-SDM-EPD, alleging claims of civil Federal Racketeer Influenced and Corrupt Organizations Act, fraudulent concealment, fraudulent misrepresentation, conversion, violations of Ohio Revised Code §§ 2307.60, 2307.61, 2913.05, breach of contract, and civil conspiracy (the "Claims").

11. In August 2024, Root and Quantasy entered into the Settlement Agreement, attached hereto as **Exhibit 1**, without its voluminous exhibits containing Quantasy's financial information.[1]

12. Under Section 2.1 of the Settlement Agreement, Defendants Quantasy, LLC, Quantasy & Associates, LLC, and William Campbell, jointly and severally, agreed to pay Root

---

[1] Root reserves the right to seek the Court's leave to file under seal the entire Settlement Agreement, to include all exhibits containing Defendants' confidential financial information, pursuant to S.D. Ohio Civ. R. 5.2.1(a).

two million dollars ($2,000,000) in four equal installments of five hundred thousand dollars ($500,000).

13. Under Section 2.1 of the Settlement Agreement, the first installment would be paid no later than September 10, 2024, with each subsequent $500,000 installment to be paid on the anniversary of September 10 until the $2,000,000 was paid in full.

14. Under Section 3 of the Settlement Agreement, Root agreed to dismiss the Claims against Quantasy with prejudice.

15. Quantasy paid the first installment payment of $500,000 on September 10, 2024.

16. Root dismissed the Claims against Quantasy with prejudice.

17. The second installment payment of $500,000 was due on September 10, 2025.

18. Quantasy failed to make the full second installment payment by September 10, 2025.

19. Instead, on or about September 16, 2025, Quantasy paid Root only $100,000 of the full $500,000 owed on September 10, 2025.

20. Quantasy has failed to pay the remaining $400,000 owed to Root pursuant to the Settlement Agreement.

21. Root has continued to demand full payment of the amounts owed under the Settlement Agreement.

22. To the extent that Quantasy never intended to make the full second installment payment and has no intention of making the third and fourth installment payments, Quantasy has completely repudiated its obligations under the Settlement Agreement, such that all amounts due under the Settlement Agreement are immediately due to Root.

23. Quantasy wrongfully either misrepresented its ability to perform under the Settlement Agreement or acted in bad faith, or both.

24. Root has performed all of its obligations under the Settlement Agreement, including dismissing the Claims against Quantasy with prejudice.

## COUNT I - BREACH OF CONTRACT

25. Root restates the foregoing paragraphs as if fully rewritten herein.

26. Under Section 18 of the Settlement Agreement, the parties agreed that Ohio substantive law would govern.

27. Root and Quantasy entered into the Settlement Agreement on August 27, 2024.

28. The Settlement Agreement is a valid and enforceable contract.

29. The Settlement Agreement is supported by sufficient consideration; in exchange for $2,000,000, paid in four equal installments, Root agreed to dismiss with prejudice its claims against Quantasy.

30. Root fully performed under the Settlement Agreement; it dismissed with prejudice its claims against Quantasy.

31. Quantasy materially breached the entire Settlement Agreement by failing to pay the full second installment amount owed to Root.

32. As a direct and proximate cause of Quantasy's breach, Root has suffered damages of more than $400,000 and has incurred, and will continue to incur, attorneys' fees and costs in connection with enforcing the Settlement Agreement.

33. To the extent that Quantasy repudiates its obligations under the Settlement Agreement, the amounts owed under the Settlement Agreement are accelerated and Quantasy owes Root the full $1,400,000.

## COUNT II – ATTORNEYS' FEES

34. Root restates the foregoing paragraphs as if fully rewritten herein.

35. Root and Quantasy entered into the Settlement Agreement on August 27, 2024.

36. The Settlement Agreement is a valid and enforceable contract.

37. The Settlement Agreement is supported by sufficient consideration; in exchange for $2,000,000, paid in four equal installments, Root agreed to dismiss with prejudice its claims against Quantasy.

38. Root fully performed under the Settlement Agreement; it dismissed with prejudice its claims against Quantasy.

39. Quantasy materially breached the entire Settlement Agreement by failing to pay the full second installment amount owed to Root.

40. Due to Quantasy's breach of the Settlement Agreement, Root was forced to file this action.

41. As a direct and proximate cause of Quantasy's breach, Root has incurred, and will continue to incur, attorneys' fees and costs in connection with enforcing the Settlement Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC respectfully request that this Court enter judgment in its favor and against Defendants William Campbell, Quantasy & Associates, LLC, and Quantasy, LLC, jointly and severally, as follows:

1. Compensatory damages in the amount of more than $400,000 plus attorneys' fees and costs incurred in enforcing the Settlement Agreement;

2. Pre- and post-judgment interest;

3. Attorneys' fees and costs, to the extent permitted by law; and

4. Any other relief this Court deems just and appropriate, such as acceleration of all amounts due under the Settlement Agreement in the amount of $1,400,000.

        Respectfully submitted,

        */s/Elizabeth S. Alexander*
        Elizabeth S. Alexander (0096401), Trial Attorney
        Kimberly Weber Herlihy (0068668)
        Thomas J. Whaling (0096430)
        VORYS, SATER, SEYMOUR AND PEASE LLP
        52 East Gay Street, P.O. Box 1008
        Columbus, Ohio 43216-1008
        Phone/Fax: (614) 464-5691
        esalexander@vorys.com
        kwherlihy@vorys.com
        tjwhaling@vorys.com

        *Counsel for Plaintiffs Root, Inc., Caret Holdings, Inc., and Root Insurance Agency, LLC*

**JURY DEMAND**

Root demands a trial by jury on all issues so triable.

/s/*Elizabeth S. Alexander*
Elizabeth S. Alexander (0096401)